**WESTBOROUGH STATE HOSPITAL,**
**Plaintiff**
vs.
**Thomas HUMPHREY, Defendant**

**No. 360**

District Court/Worcester, ss.
Appellate Division/Western District
Trial Court of the
Commonwealth of Massachusetts

**February 8, 1983**

**George Lemelman,** counsel for plaintiff.
**Darcy Dumont,** counsel for defendant.

## DECISION AND ORDER

This cause came on to and was heard in the Appellate Division for the Western District sitting in Springfield upon report from the Westborough Division of the District Court Department and it was found and decided that there was prejudicial error.

It is hereby

ORDERED: That the Clerk of the Westborough Division of the District Court Department make the following entry in said case on the docket of said Court, namely:

The mittimus in this matter is amended to provide for a commitment of six months.

Opinion filed herewith.

**Allan McGuane,**
**Justice**
**Bernard Lenhoff, Justice**
**William T. Walsh, Justice**
Robert E. Fein, Clerk
**By Frank M. Taylor,**
**Assistant Clerk**

## OPINION

**McGuane, J.** The question facing us on this appeal is whether or not a patient in a mental hospital on a voluntary basis can be committed after hearing for a one-year period.

There is no dispute as to the facts of this case.

Thomas Humphrey, respondent, had been hospitalized for a continuous period of time since February 23, 1978. Subsequent to Humphrey's admission to Westborough State Hospital on February 23, 1978 he was committed by order of Westborough District Court on April 17, 1978 for a period of six months. He was again committed on November 17, 1978 to the same hospital for a period of one year. At the expiration of this one-year commitment Mr. Humphrey applied to

remain on a voluntary basis. On July 23, 1982 the respondent Humphrey requested his discharge. A petition was filed by the hospital for his commitment.

After hearing and proper findings by the Court he was committed on that petition for a period not to exceed one year. A motion was filed on behalf of said respondent to amend the order of commitment to six months. The Court after hearing denied said motion finding that the order was made after a "voluntary commitment".

This appeal resulted.

The respondent's argument is that General Laws c. 123, sec. 8 (D) states.

"The first order of commitment of a person under this section shall be valid for a period of six months and all subsequent commitments shall be valid for a period of one year; provided that if such commitments occur at the expiration of a commitment under another section of this chapter, other than a commitment for observation, the first order of commitment shall be valid for a period of one year; and provided further - - - - - -"

The trial judge found that the status of the respondent was that he was at the hospital under a "voluntary commitment", therefore he could be committed for a period of one year.

We find after a careful reading of the statute that there is no such thing as a "voluntary commitment". General Laws c. 128, sec. 10 (a) discusses a voluntary admission.

The facts are undisputed that the respondent Humphrey was at Westborough State Hospital on a voluntary admission, that when he requested discharge a petition for his involuntary commitment was filed and he was committed after hearing and sufficient findings for a period of one year.

It should be noted that the involuntary detention of persons in mental institutions involves serious constitutional questions and constitutes a very real curtailment of liberty. It follows that serious procedural due process requirements attach to commitment proceedings.

In this matter the trial court may have felt that since the respondent had been previously committed to a mental institution that this commitment was a **subsequent** commitment. We feel that with the elapsed time involved in this matter that such an interpretation would be a serious affront to the due process requirements attaching to any person's loss of liberty.

After careful review of all the issues we find prejudicial error and the matter is remanded to the Westborough District Court for a new Order of Commitment for a period of six months.

<div align="right">

**Allan McGuane, Justice**
**Bernard Lenhoff, Justice**
**William T. Walsh, Justice**